■ MARIE DE NATALE, Respondent, v. BLASE DE NATALE, JR., Appellant.— Appeal from an order insofar as it grants respondent a counsel fee in connection with a motion to punish appellant for contempt and a counsel fee to defend an appeal from a judgment of separation. Order modified by (1) striking from the third ordering paragraph the figure " $2,500.00 " and by substituting therefor the figure " $1,500.00 ", and (2) striking from the fourth ordering paragraph the second figure " $1,375.00 " and by substituting therefor the figure " $375. " As so modified, order, insofar as appealed from, affirmed, without costs. In our opionion, the counsel fee to defend the appeal is excessive. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ MARIE DE NATALE, Respondent, v. BLASE DE NATALE, JR., Appellant.— Appeal from a judgment granting respondent a separation on the ground of cruelty, awarding her custody of the three children of the marriage, with visitation rights to appellant, directing appellant to pay $275 a week for the support of respondent and the children, and providing for other relief. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ EDWARD ENDRESEN, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries, an order dated August 31, 1956, dismissed the complaint for lack of prosecution. By an order dated October 3, 1955, a motion for reargument on additional facts was granted, but the original decision was adhered to. The appeal is from the order dated October 3, 1955, insofar as it adhered to the original decision. Order modified by striking from the ordering paragraph everything following the words " upon reargument ", and by substituting therefor the words " the motion to dismiss the complaint is denied. " As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, appellant has presented a showing of merits and a reasonable excuse for the delay. Under such circumstances, the dismissal for lack of prosecution was an improvident exercise of discretion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.